UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jermaine McQueen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-2117 |
| | ) | |
| Cahoe, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently detained at Vermilion County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Defendants Cahoe, Thorn, and Douglas pulled over a vehicle in which he was a passenger, unlawfully

searched the vehicle, and improperly attributed to him ownership of the drugs and weapon they found in the trunk. Plaintiff alleges that he was charged with a petty offense that has since been dismissed and a felony for which he remains detained. Plaintiff alleges that Defendants discriminated against him when they arrested him for possession of the items instead of arresting the vehicle's owner.

*Younger v. Harris*, 401 U.S. 37 (1971), requires dismissal of claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). Online records indicate that Plaintiff's underlying criminal case is still pending. *See People v. McQueen*, No. 2019 CF 700 (Vermilion Cty., Ill.) (available at: https://www.vercounty.org/circuit_clerk_case_search.htm).

Plaintiff's criminal case proceedings involve the same set of facts, are judicial in nature, implicate important state interests in enforcing their own laws, and Plaintiff will have an opportunity to present his Fourth Amendment issues in that case. The Court sees no reason to allow this case to proceed while Plaintiff's underlying criminal case is still pending. Pursuant to *Younger*, Plaintiff's Fourth Amendment claims will be dismissed without prejudice.

Plaintiff's allegation that the owner of the vehicle should have been charged with the crime does not give rise to a Fourteenth Amendment equal protection claim. Plaintiff makes no allegations regarding the race of the vehicle's owner, nor does he allege that other members of the community were similarly situated, but treated differently. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008); *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). This claim will be dismissed without prejudice.

**It is therefore ordered:**

1. **Plaintiff's complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is**

      directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2.     This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3.     Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

Entered this 12th day of June, 2020.

    s/ Harold A. Baker
    HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE